FILED
 2016 Dec-20 PM 01:31
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRANDON TEAGUE and KAMI TEAGUE, | ) ) ) |
| Plaintiffs, | ) ) ) Case No.: 1:16-CV-581-VEH |
| v. | ) ) |
| GAS FIRED PRODUCTS, INC. and AGRI-SOUTH, INC., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

This case was originally filed on or about March 2, 2016, in the Circuit Court of Clay County by Plaintiffs Brandon Teague and Kami Teague ("the Teagues"). (Doc. 1-1 at 3-14).[1] Defendant Gas Fired Products, Inc. ("GFP") removed this case to federal court on April 8, 2016. (Doc. 1). On October 13, 2016, the Teagues filed an Amended Complaint (doc. 16) that incorporates "the original complaint as filed including Counts One through Four" against GFP and adds two new counts against a new defendant to the action, Agri-South, Inc. ("Agri-South"). (*Id.* at 1). On the same day, the Teagues also filed a document

---

[1]   All numbering to (Doc. __) corresponds with the court's CM/ECF document system.

titled "Amended Complaint Against Agri-South, Inc." (doc. 17) that is identical to the other Amended Complaint (doc. 16). Then, on November 3, 2016, the Teagues filed a Motion To Remand (doc. 22) this action back to the Circuit Court of Clay County, alleging that because they have added Agri-South as a defendant, there is no longer diversity of citizenship. The Teagues filed a brief in support of their Motion To Remand on November 28, 2016. (Doc. 29). On December 20, 2016, all parties filed a Joint Motion for New Scheduling Order and Motion To Continue, requesting that the court continue the deadlines from the previous scheduling order in the event the court did not choose to remand the case to state court. (Doc. 30).

The time for Defendants to file a response to the Motion To Remand has passed, and the Motion is now under submission. For the following reasons, the Teagues' Motion To Remand is due to be **GRANTED**.

## II.    ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case:

>   Except as otherwise expressly provided by Act of Congress, any

> civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In order to effect the removal,

> [a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

In removal cases, the burden is on the party seeking removal to demonstrate that federal jurisdiction exists. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *see also Parker v. Brown*, 570 F. Supp. 640, 642 (D.C. Ohio, 1983) ("That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal.").

District courts have original jurisdiction over all cases where citizens of different states are involved and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S. Ct. 2396, 2402-03 (1978). The court's diversity jurisdiction is determined at the time the Notice of Removal is filed. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289-90, 58 S.Ct. 586, 590 (1938). At the time this action was removed to federal court, complete diversity existed between the Teagues and GFP. (Doc. 1 at 1-2). Therefore, this court has jurisdiction over this action.

Although the Teagues styled their two filings (docs. 16 and 17) as Amended Complaints pursuant to FED. R. CIV. P. 15(a), these amendments amounted to a joinder under FED. R. CIV. P. 20. Thus, the court must analyze the two filings pursuant to 28 U.S.C. § 1447(e), which applies to the identification of additional defendants subsequent to removal and states as follows:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e) (emphasis added). *See Ingram v. CSX Transp., Inc.*, 146 F.3d

858, 862 (11th Cir. 1998) ("Because section 1447(e) was applicable here, the district court was left with only two options: (1) deny joinder; or (2) permit joinder and remand [the plaintiff's] case to state court.").

The court considers various factors in determining whether to permit joinder under Section 1447(e), including:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

*Smith v. White Consol. Indust., Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 109 (1989)).

The purpose of the Teagues' Amended Complaint was not to defeat jurisdiction. In their brief in support of their Motion To Remand, they indicated that they added claims because the discovery process produced other theories of liability, including against Agri-South (Doc. 29 at 4). Their brief also alleges that seventy-five percent of the witnesses in this case will be either from Clay County or within a 25-mile radius of Clay County. (*Id.*). Further, there is no indication that the Teagues were dilatory in seeking to remand this case back to state court. Moreover, given that the claims against Agri-South appear to arise out of the same

transaction or occurrence as the claims against GFP, the Teagues would likely be unfairly injured if the court denies joinder. Lastly, all of the Counts in the Complaint and Amended Complaint(s) are based upon state, rather than federal, causes of action. Therefore, pursuant to Section 1447(e), the court chooses to permit joinder of Agri-South and remand the action back to the Circuit Court of Clay County, Alabama.

## III. CONCLUSION

By separate order, the Teagues' Motion To Remand (doc. 22) is due to be **GRANTED**, the Joint Motion For New Scheduling Order (doc. 30) is due to be **TERMED** as **MOOT**, and this case is due to be **REMANDED** to the Circuit Court of Clay County, Alabama for further disposition.

**DONE** and **ORDERED** this the 20th of December, 2016.

                                        */s/ Virginia Emerson Hopkins*
                                    **VIRGINIA EMERSON HOPKINS**
                                    United States District Judge